**IGLOO PRODUCTS CORP. Plaintiff,**

v.

**THAI WELLTEX INTERNATIONAL CO., LTD., et al. Defendants.**

**No. CIV.A. 03–12004NMG.**

United States District Court,
D. Massachusetts.

June 10, 2005.

---

Michael P. Boudett, Foley Hoag LLP, Boston, MA, for Igloo Products Corp., Plaintiff.

Ian J. McLoughlin, Foley Hoag LLP, Boston, MA, for Igloo Products Corp., Plaintiff.

## MEMORANDUM & ORDER

GORTON, District Judge.

This case involves trademark and related claims arising from defendant's production and sale of "knockoff" coolers that allegedly infringe upon Igloo's trademark rights associated with its Playmate line of coolers. Before the Court is the motion of Plaintiff Igloo Products Corp. ("Igloo") to approve service upon defendant Thai Welltex International Co., Ltd. ("Thai Welltex"), a corporation located in Thailand, pursuant to Fed.R.Civ.P. 4(f)(3).

Igloo filed the instant suit on October 15, 2003. Plaintiff requested that the Clerk of this Court address and dispatch copies of the summons and complaint to defendant via international registered mail, return receipt requested. The Clerk did so on October 28, 2003.

By February, 2004, the return receipt had not been received and the Clerk of Court submitted an Inquiry About a Registered Article to the United States Post Office. Unfortunately, no response has been received.

On January 19, 2005, plaintiff's counsel sent additional copies of the complaint and summons to Thai Welltex by international registered mail, return receipt requested. The return receipt, complete with a signature, albeit illegible, was received by plaintiff's counsel in February, 2005.

Fed.R.Civ.P. 4(h) provides that service of a summons and complaint may be effected upon a foreign corporation outside a judicial district of the United States in any manner prescribed by Fed.R.Civ.P. 4(f) except by personal delivery. Rule 4(f)(1) provides that service may be effected in a manner authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents but, because Thailand is not a signatory to that convention, that method is unavailable in the instant case. Rule 4(f)(2) provides, in relevant part, that service may be effected by "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served", as long as that method is not prohibited by the law of the foreign country. Finally, Rule 4(f)(3) provides that service may be effected "by other means not prohibited by international agreement as may be directed by the court."

■ In addition to complying with the requirements of Rule 4(f), service of process must comport with constitutional notions of due process. To meet this requirement, parties to an action must be given notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

■ Federal courts have authorized a variety of methods of service pursuant to

Rule 4(f)(3), including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex and e-mail. *See Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir.2002) and cases cited therein. The methods employed by plaintiff in this action, including its good faith attempt to serve defendant pursuant to Rule 4(f)(2) and its mailing of another copy of the complaint and summons to defendant, followed by its receipt of the return receipt, are sufficient to put defendant on notice of the pending lawsuit against it. Plaintiff states that it is not aware of any agreement between the United States and Thailand that forbids service of process by the means that were utilized by plaintiff and the Court, likewise, is aware of none. Service of process upon defendants, therefore, will be approved pursuant to Rule 4(f)(3).

### ORDER

Based upon the foregoing, Plaintiff's Motion to Approve Service Pursuant to Rule 4(f)(3) (Docket No. 10) is **ALLOWED**.

The Clerk is directed to mail a copy of this Memorandum and Order to Thai Welltex at its last known address.

**So ordered.**